UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LATESSA Y. JORDAN,

       Plaintiff,

  v.                                                      20-CV-00067
                                                           ORDER

GREATER BUFFALO UNITED
ACCOUNTABLE HEALTHCARE
NETWORK, TONI VAZQUEZ, DR. RAUL
VAZQUEZ, DR. HORACIO CAPOTE,
MARIAM SALEH, LIGHTHOUSE
MANAGEMENT PARTNERS INC., A.
CAPOTE, RONALD WILLIAMS,
THERESA C. BOWMEN-DAVIS, DR.
RAFEAL E. ROMAN,

       Defendants.
_____

       On January 17, 2020, the *pro se* plaintiff, Latessa Y. Jordan, filed a complaint asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-12117; and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290-297.  Docket Item 1.  On March 13, 2020, she amended her complaint.  Docket Item 3.  Jordan also has moved to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because she cannot afford it) and has filed the required affidavit.  Docket Item 2.

       Because Jordan meets the statutory requirements to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), her motion is granted.  In addition, Jordan's complaint presents "colorable claim[s]" against defendants Greater Buffalo United Accountable Healthcare Network ("GBUAHN"), Toni Vazquez, Dr. Raul Vazquez, and Ronald

Williams.  Those claims therefore survive screening under 28 U.S.C. § 1915(e)(2).  *See Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device which is warranted only when the complaint lacks an arguable basis either in law or in fact [or is] frivolous on its face or wholly insubstantial." (citations omitted)); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (explaining that dismissal under Federal Rule of Civil Procedure Rule 12(b)(6) may still be appropriate notwithstanding a court's earlier finding that the complaint was not "frivolous" for purposes of section 1915(e)(2)).

The same is not true, however, of her claims against Dr. Horacio A. Capote, Theresa C. Bowmen-Davis, Mariam Saleh, Lighthouse Management Partners, Inc., ("Lighthouse"), and Dr. Rafael E. Roman.  Even "constru[ing] [Jordan's *pro se*] pleadings liberally," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), she has failed to allege that any of these parties discriminated against her on the basis of her gender or disability status.  Her allegations against Capote and Saleh stem from her receiving mental health treatment from those individuals.  *See* Docket Item 3 at 7, 14-15.  Her allegations against Bowmen-Davis concern the latter's treatment of Jordan's daughter.  *See id.* at 17.  Her allegations against Lighthouse concern Jordan's time as a tenant of the company.  *See id.* at 12.  None of those allegations are related in any way to her Title VII, ADA, or NYSHRL claims.   And although Jordan lists "Dr. Rafael E. Roman" as a defendant in the caption of her complaint, *see id.* at 1, she does not refer to him, or otherwise provide any details about her claims against him, in the body of her complaint.

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas V. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citation omitted). But leave to amend pleadings may be denied when any amendment would be "futile." *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). That is the case here with respect to Jordan's claims against Capote, Bowmen-Davis, Saleh, and Lighthouse. The thrust of Jordan's complaint concerns her allegedly discriminatory treatment by GBUAHN. Her other allegations not only fall short of painting a clear picture of the injuries she suffered, the legal basis for her claims, or the relief she seeks, they suggest issues completely unrelated to the federal claims noted above. If Jordan wishes to pursue claims against Capote, Bowmen-Davis, Saleh, and Lighthouse, she may do so by filing a separate lawsuit.

But because Jordan did not provide any details about the nature of her claims against Roman, and in light of her *pro se* status, she may amend her complaint, if possible, to set forth specific details about Roman's alleged involvement in violating her rights under Title VII, the ADA or the NYSHRL. Jordan is advised that an amended complaint is intended to **completely replace** the prior complaint in the action and thus "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)*; see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any amended complaint must include all allegations against each of the defendants so that the amended complaint stands alone as the only complaint that the defendants must answer in this action.

## **ORDER**

In light of the above, IT IS HEREBY

ORDERED that Jordan's motion to proceed *in forma pauperis*, Docket Item 2, is GRANTED; and it is further

ORDERED that Jordan's claims against defendants Capote, Bowmen-Davis, Saleh, and Lighthouse are dismissed, and the Clerk of Court shall terminate these parties as defendants to this action; and it is further

ORDERED that Jordan may amend her complaint to include specific details about her Title VII, ADA, or NYSHRL claims against Roman **within 30 days of the date of this order**; and it is further

ORDERED that the Clerk of Court shall send to Harris with this order a copy of the original complaint, a blank Discrimination Complaint form, and the instructions for preparing an amended complaint; [1] and it is further

ORDERED that if Jordan does not amend her complaint within 30 days of the date of this order, her claims against Roman will be dismissed, and the Clerk of Court shall terminate him as a defendant to this action; and it is further

ORDERED that if Jordan does not amend her complaint within 30 days of the date of this order, the Clerk of Court shall file Jordan's papers and cause the United

---

[1] The plaintiff is advised that she may be eligible for help in amending her complaint from the Pro Se Assistance Program, a joint project staffed by the University at Buffalo School of Law and the Erie County Bar Association Volunteer Lawyers Project. The program is currently operating remotely due to the COVID-19 pandemic and can be reached by calling 716-847-0662, ext. 340, and leaving a message. Additional information is available at https://www.nywd.uscourts.gov/pro-se-assistance-program-0.

States Marshal to serve copies of the summons, complaint, and this order upon defendants GBUAHN, Toni Vazquez, Dr. Raul Vazquez, and Williams without Jordan's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in the plaintiff's favor; and it is further

ORDERED that Jordan must effect service within 90 days of the date the summons is issued.  It is Jordan's responsibility to inquire of the Marshals at 716-348-5300 as to whether service has been made and, if necessary, to request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).  If, within 90 days of issuance of the summons, Jordan has not made service or requested an extension of time in which to do so, the Court may dismiss this action for failure to prosecute under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure; and it is further

ORDERED that Jordan shall notify the Court in writing if her address changes. The Court may dismiss the action if Jordan fails to do so.

SO ORDERED.

Dated:   July 6, 2020
         Buffalo, New York

                                        */s/ Hon. Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE