UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LATESSA Y. JORDAN,

       Plaintiff,

    v.                                              20-CV-00067-LJV
                                                           ORDER

GREATER BUFFALO UNITED
ACCOUNTABLE HEALTHCARE
NETWORK, TONI VAZQUEZ, DR. RAUL
VAZQUEZ, DR. HORACIO CAPOTE,
MARIAM SALEH, LIGHTHOUSE
MANAGEMENT PARTNERS INC., A.
CAPOTE, RONALD WILLIAMS,
THERESA C. BOWMEN-DAVIS, DR.
RAFEAL E. ROMAN,

       Defendants.
_____

       On January 17, 2020, the *pro se* plaintiff, Latessa Y. Jordan, filed a complaint asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-12117; and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290-297. Docket Item 1. Jordan also moved to proceed *in forma pauperis*. Docket Item 2. On March 13, 2020, she amended her complaint. Docket Item 3.

       On July 6, 2020, this Court granted Jordan's motion to proceed *in forma pauperis*; dismissed her claims against defendants Capote, Bowmen-Davis, Saleh, and Lighthouse under 28 U.S.C. § 1915(e)(2); granted her leave to amend her claims against defendant Roman; and found that her claims against Greater Buffalo United Accountable Healthcare Network ("GBUAHN"), Toni Vazquez, Dr. Raul Vazquez, and Williams could proceed. Docket Item 4.

On August 26, 2020, Jordan asked this Court (1) to appoint counsel for her, Docket Item 7; (2) to extend her time to serve defendants Capote, Bowmen-Davis, Saleh, and Lighthouse, Docket Item 8; and (3) to extend her time to amend the complaint, Docket Item 9.  For the reasons that follow, the Court denies the first two motions but grants the third.

### I.  COUNSEL REQUEST

In deciding whether to appoint counsel, courts first assess the indigent plaintiff's likelihood of success on the merits of her claim.  See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986).  If the claim meets this threshold requirement, courts consider a number of other factors, including "the nature of the factual issues the claim presents[,] . . . the plaintiff's apparent ability to present the case[,] . . .  whether appointment of counsel would lead to a quicker and more just result by sharpening the issues and shaping examination[,] . . . [and the plaintiff's] efforts to obtain counsel."  Id.

This action was commenced only recently.  The defendants have not yet answered the allegations in the complaint, so the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are Jordan's bare allegations.  At this stage, the Court lacks sufficient information to consider the factors stated in Hodge.  Jordan's request for appointment of counsel therefore is denied without prejudice as premature.

### II.  REQUEST TO EXTEND TIME TO EFFECT SERVICE

Jordan also has asked this Court for "an extension of time for service related to dismissing the claims [she] filed against Dr. Capote, Bowmen-Davis, Saleh[,] and Lighthouse."  Docket Item 8 at 1.  That motion is denied as moot.  This Court already

has dismissed all claims against these defendants for reasons unrelated to service of process.  Docket Item 4 at 2-3.

### III.     REQUEST TO EXTEND TIME TO AMEND COMPLAINT

Finally, Jordan has asked for an extension of time to amend her complaint. Docket Item 9.  She explains that "circumstances directly related to [her] case ha[ve] accrued" since she filed her first amended complaint.  *Id.* at 9.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within 21 days after serving it . . . *.*  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  *Id.*  In light of Jordan's *pro se* status, and her representation elsewhere that she recently was "overwhelmed with a flux of unforeseen problems that [a]ffected every aspect of [her] life," *see* Docket Item 8 at 2, the Court will grant Jordan's request.

Jordan is advised that an amended complaint is intended to **completely replace** the prior complaint in the action and thus "renders [any prior complaint] of no legal effect."  *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)*; see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, any amended complaint must include all allegations against each of the defendants so that the amended complaint stands alone as the only complaint that the defendants must answer in this action.

**ORDER**

In light of the above, IT IS HEREBY

ORDERED that Jordan may amend her complaint to include specific details about her Title VII, ADA, or NYSHRL claims against defendant Roman **within 30 days of the date of this order**; and it is further

ORDERED that the Clerk of Court shall send to Jordan with this order a copy of the amended complaint, a blank Discrimination Complaint form, and the instructions for preparing an amended complaint;[1] and it is further

ORDERED that if Jordan does not amend her complaint within 30 days of the date of this order, her claims against Roman will be dismissed, and the Clerk of Court shall terminate him as a defendant to this action; and it is further

ORDERED that if Jordan does not amend her complaint within 30 days of the date of this order, the Clerk of Court shall file Jordan's papers and cause the United States Marshal to serve copies of the summons, complaint, and this order upon defendants GBUAHN, Toni Vazquez, Dr. Raul Vazquez, and Williams without Jordan's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in the plaintiff's favor; and it is further

---

[1] The plaintiff is advised that she may be eligible for help in amending her complaint from the Pro Se Assistance Program, a joint project staffed by the University at Buffalo School of Law and the Erie County Bar Association Volunteer Lawyers Project. The program is currently operating remotely due to the COVID-19 pandemic and can be reached by calling 716-847-0662, ext. 340, and leaving a message. Additional information is available at https://www.nywd.uscourts.gov/pro-se-assistance-program-0.

ORDERED that Jordan must effect service within 90 days of the date the summons is issued. It is Jordan's responsibility to inquire of the Marshals at 716-348-5300 as to whether service has been made and, if necessary, to request an extension of time for service. See *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). If, within 90 days of issuance of the summons, Jordan has not made service or requested an extension of time in which to do so, the Court may dismiss this action for failure to prosecute under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure; and it is further

ORDERED that Jordan shall notify the Court in writing if her address changes. The Court may dismiss the action if Jordan fails to do so.

SO ORDERED.

Dated:     September 1, 2020
           Buffalo, New York

                                             */s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE