UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LATESSA Y. JORDAN,

       Plaintiff,

  v.                                                           20-CV-00067-LJV
                                                           ORDER

GREATER BUFFALO UNITED
ACCOUNTABLE HEALTHCARE
NETWORK, *et al.*,

       Defendants.
_____

On January 17, 2020, the *pro se* plaintiff, Latessa Y. Jordan, filed a complaint asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-12117; and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290-297.  Docket Item 1.  Jordan also moved to proceed *in forma pauperis*.  Docket Item 2.  On March 13, 2020, she amended her complaint.  Docket Item 3.

On July 6, 2020, this Court granted Jordan's motion to proceed *in forma pauperis*; dismissed her claims against defendants Capote, Bowmen-Davis, Saleh, and Lighthouse under 28 U.S.C. § 1915(e)(2); granted her leave to amend her claims against defendant Roman; and found that her claims against Greater Buffalo United Accountable Healthcare Network ("GBUAHN"), Toni Vazquez, Dr. Raul Vazquez, and Williams could proceed.  Docket Item 4.

On August 26, 2020, Jordan asked this Court (1) to appoint counsel for her, Docket Item 7; (2) to extend her time to serve defendants Capote, Bowmen-Davis, Saleh, and Lighthouse, Docket Item 8; and (3) to extend her time to amend the

complaint, Docket Item 9.  On September 1, 2020, this Court denied the first two motions but granted the third.  Docket Item 10.

On September 25 and 26, 2020, Jordan (1) filed a second amended complaint consistent with the extension of time this Court had granted, Docket Items 17-18; (2) again asked this Court to appoint counsel for her and her daughter, Docket Item 19; and (3) asked this Court to enter an order of protection, Docket Items 17, 19.

I.  SECOND AMENDED COMPLAINT

A.  Legal Principles

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within 21 days after serving it. . . .  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  *Id.*  As noted above, this Court gave Jordan permission to amend her claims against defendant Roman.  *See* Docket Item 4.  The second amended complaint does that and far more without the permission of the Court or the written consent of any defendant.  Nevertheless, and in light of Jordan's *pro se* status, the Court grants Jordan leave to file for the second amended complaint *nunc pro tunc.*

Because Jordan is proceeding *in forma pauperis*, the limitations of 28 U.S.C. § 1915 also apply.  Under that provision, a court "shall dismiss [a] case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) ("*Sua sponte* dismissal of a *pro se*

complaint prior to service of process is a draconian device which is warranted only when the complaint lacks an arguable basis either in law or in fact [or is] frivolous on its face or wholly insubstantial." (citations omitted)); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (explaining that dismissal under Federal Rule of Civil Procedure Rule 12(b)(6) may still be appropriate notwithstanding a court's earlier finding that the complaint was not "frivolous" for purposes of section 1915(e)(2)).  Leave to amend pleadings may be denied under section 1915(e) when any amendment would be "futile."  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  The Court therefore screens the second amended complaint.

### B. Discussion

#### 1. Claims Previously Dismissed

Jordan's amended claims against defendants Dr. Capote, Saleh, Bowmen-Davis, and Lighthouse Management Partners fail for the same reasons that her original claims against those defendants failed.  This Court explained in its July 2020 order:

> Even "constru[ing] [Jordan's *pro se*] pleadings liberally," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), she has failed to allege that any of these parties discriminated against her on the basis of her gender or disability status.  Her allegations against Capote and Saleh stem from her receiving mental health treatment from those individuals.  *See* Docket Item 3 at 7, 14-15.  Her allegations against Bowmen-Davis concern the latter's treatment of Jordan's daughter.  *See id.* at 17.  Her allegations against Lighthouse concern Jordan's time as a tenant of the company.  *See id.* at 12.  None of those allegations are related in any way to her Title VII, ADA, or NYSHRL claims. . . . Her other allegations not only fall short of painting a clear picture of the injuries she suffered, the legal basis for her claims, or the relief she seeks, they suggest issues completely unrelated to [her] federal employment discrimination claims].  If Jordan wishes to pursue claims against Capote, Bowmen-Davis, Saleh, and Lighthouse, she may do so by filing a separate lawsuit.

Docket Item at 4 at 2-3.  Jordan's amended claims against these defendants do not change any of that.  For that reason, her claims against defendants Capote, Bowmen-Davis, Saleh, and Lighthouse are dismissed.

### 2. New Claims and Defendants

Jordan also brings multiple new claims against "Mr. Rafael Roman," "Elmwood [H]ealth Center," "Dr. Zambron," "Erie [C]ounty [M]edical [C]enter [E]mergency [R]oom," "Osh[e]i [W]omen's and [C]hildren's [H]ospital," "Kenmore [M]ercy [H]ospital [E]mergency [R]oom," "Independent Health Insurance [C]ompany Sue," "William Mattar [L]aw [F]irm," "Office of [P]eople with [D]evelopmental [D]isabilities," "Erie County Department of Social [S]ervices," "[A]dult [P]rotective, [E]mergency [H]ousing," "Child [P]rotective [S]ervices," "Trocaire College," "ABC," "Geico [I]nsurance [C]ompany," "moving and appliances," "Sinatra and [C]ompany Real[ ] [E]state," "People Inc – Bryton Park," "Aspire of Western NY," "Person Centered Services," "Evelyn Lighten," "Tiffany Adam's," "Ti[m]othy Adam's," "Sheryl Lighten," "Genevieve Lighten," "Dereck Sims – Lighten," "Terrence Lighten," "Latrisia Manuel," "Cornel B. Johnson," and "Heron Simmons."  Docket Item 17 at 1.  Those claims are addressed in turn below.[1]

#### a. *Claims Related to Tendra Manuel*

Jordan raises several claims on behalf of her adult daughter, Tendra Manuel.  *See id.* at 11-15.  These include claims against Erie County Medical Center; Kenmore

---

[1] In evaluating the complaint, the court accepts all factual allegations as true and draws all inferences in the plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  Therefore, the facts that follow are those pleaded in the second amended complaint, Docket Item 17.

Mercy Hospital; "Sue," apparently an employee at Independent Health Insurance Company; the Office of People with Developmental Disabilities; People. Inc., of Bryton Park; Aspire of Western New York; and Person Centered Services.  *See id.*

Although federal law affords parties a statutory right to "plead and conduct their own cases," 28 U.S.C. § 1654, that statute does not permit "unlicensed laymen to represent anyone else other than themselves," *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)); *see also Tse-Ming Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child. . . .  [I]t is not in the interests of minor[ ] or incompetent[ ] [individuals] that they be represented by non-attorneys.  Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.").[2]  Jordan therefore may not represent Manuel in this action.

---

[2] In limited circumstances where "the interests of the parent and the child" intertwine, a parent might be permitted to proceed on behalf of her child.  *Tindall v. Poutlney High School Dist.*, 414 F.3d 281, 285 (2d Cir. 2005).  *Cf. Doe v. E. Lyme Bd. of Educ.*, 962 F.3d 649, 654 n.2 (2d Cir. 2020) ("Generally, a non-lawyer parent may not represent her child *pro se*.  However, a parent has an independent enforceable right under the IDEA and may pursue a claim on her own behalf." (citations omitted)).  To the extent Jordan's allegations related to Manuel may invoke Jordan's parental rights, those claims are addressed below.  The Court also notes that, in any event, the allegations related to Erie County Medical Center; Kenmore Mercy; "Sue"; the Office of People with Developmental Disabilities; People, Inc; Aspire; and Person Centered Services appear to have occurred between 2016 and 2020.  Manuel became an adult in 2012, so any right Jordan may have had with respect to these events would have extinguished by the time the claims accrued.  *See* Docket Item 17 at 11 (stating that Manuel was born in 1994).

What is more, even if Manuel were to retain counsel, none of the allegations involving Manuel relate to Jordan's claims of employment discrimination against GBUAHN. Therefore, to the extent Manuel seeks to raise any claims, she must file a new lawsuit in which she either proceeds *pro se* on behalf of herself or is represented by counsel.

### 3. Claims Related to Jordan

Dr. Roman is a chiropractor who treated Jordan for back problems. Docket Item 17 at 6. Jordan asked Roman for a standing desk to alleviate her back pain, but she never received one. *Id.* To the extent Jordan seeks to raise a claim against GBUAHN for failing to accommodate her reasonable request for a standing desk, that claim may proceed. To the extent Jordan raises a claim against Roman for failing to accommodate that request, that claim is dismissed because Jordan does not allege that Roman was her employer; that is, Jordan does not allege that Roman was in a position to provide (or not provide, as the case may be) the requested accommodation.

Dr. Mark Zambron is a physician at the Elmwood Health Center. *Id.* at 9. He showed Jordan a document on his computer that gave Bowmen-Davis permission to make decisions regarding Manuel's healthcare. *Id.* Any claims against Dr. Zambron and Elmwood Health Center are dismissed because Jordan does not allege that either party injured her in any manner.

"ABN moving and appliances" is "a storage unit that contract[s] with [the] [D]epartment of [S]ocial [S]ervices." *Id.* at 10. The company stored Jordan's belongings "in a very disorderly way" and facilitated theft of Jordan's belongings. *Id.* Jordan's allegations against "ABN"—or "ABC" as listed in the caption of the complaint—

sound in state tort law. "A plaintiff may invoke federal jurisdiction over a state law claim appended to a federal claim where the pendent claim and federal claim share a common nucleus of operative fact." *Greene v. Town of Blooming Grove*, 935 F.2d 507, 510 (2d Cir. 1991) (citations omitted). "The exercise of pendent jurisdiction . . . is within the discretion of the district court, and is 'not [the] plaintiff's right.'" *Id.* (alteration in original) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)) (additional citation omitted). In deciding whether to exercise pendent jurisdiction, courts consider "factors of judicial economy, convenience and fairness to the parties, and whether the claims [are] so interrelated that [the plaintiff] normally would be expected to try them together." *Id.* (citing *Gibbs*, 383 U.S. at 725-26). Jordan's claims against ABN/ABC are not related to her federal employment discrimination claims and accordingly are dismissed.

An attorney at the "William Mattar" law firm "refused" to take Jordan's motor vehicle accident case. Docket Item 17 at 3. Any claim against William Mattar is dismissed because Jordan has failed to state any legal claim against the firm.

"Around 2003," the Erie County Department of Social Services and the Erie County Child Protective Services removed Manuel from Jordan's care and placed Manuel in foster care. *Id.* at 11-12. Manuel was returned to Jordan "about one year" later. *Id.* Jordan raises a number of allegations related to Manuel's treatment during that time. Any claims Manuel may have against these agencies are dismissed for the reasons discussed above; she may file a new complaint if she so chooses. Any claims Jordan may have against these agencies—for example, for termination of parental rights—also are dismissed. To the extent such claims might be brought under 42

7

U.S.C. § 1983, they are barred by that statute's three-year limitations period. *See Duplan v. City of New York*, 888 F.3d 612, 619 (2d Cir. 2018). And to the extent they might be brought under state tort law, they are not related to Jordan's federal workplace discrimination claims, and this Court accordingly would decline to exercise pendent jurisdiction over them.

Trocaire College is an educational institution that Jordan attended at some point. Docket Item 17 at 12. "Some of the teachers went out [of] their way to cause problems for [Jordan]." *Id.* Jordan "made a complaint with the department of higher education," but the issues were not resolved and she "had to withdraw[ ]." *Id.* Jordan does not specify the nature of the "problems" she encountered. Because these claims are not related to Jordan's principal claims of workplace discrimination at GBUAHN, they are dismissed. To the extent Jordan seeks to raise claims for discrimination on the basis of her disability under the ADA, or on the basis of her sex under Title IX of the Educational Amendments of 1972, 20 U.S.C. §§ 1681-1688, she should file a separate action setting forth specific allegations of sex- and/or disability-based discrimination.

Sinatra and Company Real Estate leased Jordan an apartment in March 2020. Docket Item 17 at 14. The company facilitated theft of Jordan's belongings. *Id.* Any claims against Sinatra and Company Real Estate sound in state law, and, for the same reasons discussed above in the context of Jordan's claims against ABN, this Court declines to exercise pendent jurisdiction over them. Jordan's claims against Sinatra and Company Real Estate therefore are dismissed.

Cornell B. Johnson is a former romantic partner of Jordan who sometimes followed her to her chiropractic appointments. *Id.* at 6, 9. Any claim against Johnson is

not related to Jordan's claims for employment discrimination. Even if the allegations were related, Jordan does not claim that Johnson injured her. The claims against Johnson therefore are dismissed.

"Tiffany Adam's" is Jordan's niece. *Id.* at 8. Tiffany encouraged Jordan to apply for a job at GBUAHN, and Jordan later told Tiffany that Jordan was being treated poorly in her position at the company. *Id.* Jordan also told other family members, including her mother, Evelyn Lighten; her siblings Dereck Lighten-Sims, Terrence Jordan, Sheryl Lighten, Genevieve Lighten, and Latesia Manuel; and Tiffany's husband, Dr. Timothy Adams, about Jordan's difficulties at GBUAHN. *Id.* None of these individuals took Jordan's complaints about GBUAHN seriously. *Id.* Any claims against these individuals are dismissed because Jordan does not allege that they were involved in the alleged discrimination or had any authority to intervene when told about it.

### 4. Remaining Claims

Jordan lists several defendants in the caption of her second amended complaint whom she does not mention elsewhere in the body of that complaint. These defendants include Oshei Women's and Children's Hospital, Geico Insurance Company, Adult Protective Emergency Housing, and Herron Simmons. *Id.* at 1. Because Jordan did not provide any details about the nature of her claims against these defendants, these claims are subject to dismissal. Nevertheless, and in light of her *pro se* status, Jordan may amend her complaint, if possible, to set forth specific details about these parties' alleged involvement in violating *her* rights (not those of Manuel) under Title VII, the ADA, or the NYSHRL.

Jordan is advised that an amended complaint is intended to **completely replace** the prior complaint in the action and thus "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)*; see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, any amended complaint must include all allegations against each of the defendants so that the third amended complaint stands alone as the only complaint that the defendants must answer in this action.

## II.     REQUEST FOR COUNSEL

In deciding whether to appoint counsel, courts first assess the indigent plaintiff's likelihood of success on the merits of her claim.  *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).  If the claim meets this threshold requirement, courts consider a number of other factors, including "the nature of the factual issues the claim presents[,] . . . the plaintiff's apparent ability to present the case[,] . . . whether appointment of counsel would lead to a quicker and more just result by sharpening the issues and shaping examination[,] . . . [and the plaintiff's] efforts to obtain counsel."  *Id.*

This action was commenced only recently.  The defendants have not yet answered the allegations in the complaint, so the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are Jordan's bare allegations.  At this stage, the Court lacks sufficient information to consider the factors stated in *Hodge*.  Jordan's second request for appointment of counsel therefore is denied without prejudice as premature.

## III.     PROTECTIVE ORDER

Jordan also requests an "immediate order of protection due to the violence, abuse, stalking, harassment[,] and nature of the crime."  Docket Item 17 at 15; Docket Item 19.  But she gives no indication why this Court has jurisdiction to issue such an order.  Nor does she specify the individuals against whom this order might issue.  Accordingly, Jordan's request for an "order of protection" is denied.

**ORDER**

In light of the above, IT IS HEREBY

ORDERED that Jordan's motion for a protective order, Docket Items 17, 19, is DENIED; and it is further

ORDERED that Jordan's motion for the appointment of counsel, Docket Item 19, is DENIED; and it is further

ORDERED that Jordan's motion to amend her complaint, Docket Item 17, is GRANTED; and it is further

ORDERED that Jordan's claims against the following defendants are dismissed and the Clerk of Court shall terminate them as parties to this action: Capote, Bowmen-Davis, Saleh, Lighthouse, Elmwood Health Center, Dr. Zambron, Erie County Medical Center Emergency Room, Kenmore Mercy Hospital Emergency Room, Independent Health Insurance Company "Sue," William Mattar Law Firm, Office of People with Developmental Disabilities, Erie County Department of Social Services, Child Protective Services, Trocaire College, "ABC moving and appliances," Sinatra and Company Real Estate, People Inc – Bryton Park, Aspire of Western NY, Person Centered Services, "Evelyn Lighten," "Tiffany Adam's," "Tinothy Adam's," "Sheryl Lighten," "Genevieve Lighten," "Dereck Sims – Lighten," "Terrence Lighten," Latrisia Manuel, and Cornel B. Johnson; and it is further

ORDERED that Jordan may amend her complaint to include specific details about her Title VII, ADA, or NYSHRL claims against defendants Oshei Women's and Children's Hospital, Geico Insurance Company, Adult Protective Emergency Housing, and Herron Simmons **by November 2, 2020**; and it is further

12

ORDERED that the Clerk of Court shall send to Jordan with this order a copy of the first and second amended complaints, a blank Discrimination Complaint form, and the instructions for preparing a third amended complaint;[3] and it is further

ORDERED that if Jordan does not amend her complaint by November 2, 2020, her claims against Oshei Women's and Children's Hospital, Geico Insurance Company, Adult Protective Emergency Housing, and Herron Simmons will be dismissed, and the Clerk of Court shall terminate them as defendants to this action; and it is further

ORDERED that if Jordan does not amend her complaint by November 2, 2020, defendants GBUAHN, Toni Vazquez, Dr. Raul Vazquez, and Williams shall answer, or otherwise move with respect to, the second amended complaint no later than **November 16, 2020**; and it is further

ORDERED that Jordan shall notify the Court in writing if her address changes. The Court may dismiss the action if Jordan fails to do so.


SO ORDERED.

Dated:       October 2, 2020
             Buffalo, New York


                                                     */s/ Lawrence J. Vilardo*
                                                    LAWRENCE J. VILARDO
                                                    UNITED STATES DISTRICT JUDGE

---

[3] The plaintiff is advised that she may be eligible for help in amending her complaint from the Pro Se Assistance Program, a joint project staffed by the University at Buffalo School of Law and the Erie County Bar Association Volunteer Lawyers Project.  The program is currently operating remotely due to the COVID-19 pandemic and can be reached by calling 716-847-0662, ext. 340, and leaving a message. Additional information is available at https://www.nywd.uscourts.gov/pro-se-assistance-program-0.