UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LATESSA Y. JORDAN,

        Plaintiff,

    v.                                            20-CV-67-LJV-MJR
                                                                DECISION & ORDER

GREATER BUFFALO UNITED
ACCOUNTED HEALTHCARE
NETWORK,[1] *et al.*,

        Defendants.

---

On January 17, 2020, the *pro se* plaintiff, Latessa Y. Jordan, commenced this action under Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law. Docket Item 1. She also moved for leave to proceed *in forma pauperis*. Docket Item 2. On March 13, 2020, Jordan filed an amended complaint. Docket Item 3 (naming additional defendants and adding claims under the Americans with Disabilities Act). On July 6, 2020, the Court granted her motion to proceed *in forma pauperis* and screened her amended complaint. Docket Item 4.

On September 24, 2020, Jordan filed a second amended complaint. *See* Docket Items 17 (mistakenly docketed as the third amended complaint), 18 (supplemental documents). A week later, the Court screened the second amended complaint. Docket Item 20 (dismissing some claims; allowing claims against Greater Buffalo United Accountable Healthcare Network ("GBUAHN"), Raul Vazquez, M.D., Toni Vazquez ("T.

---

      [1] The docket lists the defendant as the "Greater Buffalo United Accounted Healthcare Network," but Jordan's initial complaint, Docket Item 1, and the motion to dismiss, Docket Item 21, name the "Greater Buffalo United Accountable Network."

Vazquez"), and Ronald Williams to proceed; and warning that the remaining claims would be dismissed if Jordan failed to amend the complaint to correct identified deficiencies).

On November 16, 2020, defendants GBUAHN, Dr. Vazquez, T. Vazquez, and Williams moved to dismiss. Docket Item 21. After Jordan failed to respond, the Court issued an order "to show cause for why the motion to dismiss should not be considered without a response," Docket Item 23, and referred the case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Docket Item 24. On April 20, 2021, Judge Roemer issued a Report and Recommendation ("R&R") finding that the defendants' motion should be granted and that the case should be dismissed. On May 11, 2021, Jordan moved for the appointment of counsel, Docket Item 28, but she did not object to the R&R. In fact, no one has objected to the R&R, and the time to do so now has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Roemer's careful, thoughtful, and thorough R&R as well as the

submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge Roemer's recommendation to grant the defendants' motion and to dismiss this case in its entirety.

For the reasons stated above and in the R&R, the defendants' motion to dismiss, Docket Item 21, is GRANTED; the second amended complaint, Docket Item 17, is dismissed; the plaintiff's motion for the appointment of counsel, Docket Item 28, is DENIED as moot; and the Clerk of the Court shall close the file.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States,* 369 U.S. 438 (1962). Jordan must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: June 14, 2021
Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE